Mr. Justice Thacher
delivered the opinion of the court.
This was an action of covenant, instituted in the Madison county circuit court.. The articles of agreement, upon which the action was founded, covenanted that Wadlington should convey a tract of land to Hill, for the consideration of $10,500, of which sum, $5,000 was paid at the time of executing the contract, $5,000 was to have been paid ten days thereafter, and $500 was to be paid on the 1st day of January thereafter. It was further covenanted, that “on the payment of the last mentioned sum of $5,000,” Wadlington was to execute to Hill good and sufficient titles for the tract of land in question. The question in the case, arises upon the sufficiency of a plea alleging a failure on the part of the plaintiff below, to have made a tender of a deed of conveyance of the tract of land. To such a plea, a demurrer, on the ground that the issue offered was immaterial, was overruled by the court.
The propriety of the decision of the court below, depends upon the solution of the inquiry whether the covenants in the articles of agreement are dependent or independent. In order to solve this question, the general rule should be carefully regarded, that covenants are to be construed, as near as possible, by the obvious intention of the parties, which must be gathered from the whole context of the instrument, interpreted according to the reasonable sense of the words. It will be observed that this is the case of a vendor seeking to make his vendee fulfil his engagement. In contracts where either party might be compelled to part with his money or his property, without receiving the stipulated equivalent, the latest and best action of the courts has been to hold that the party seeking to enforce the contract must make his own part of the agreement precedent, and allege either a performance or a tender, and *563 refusal. Bank of Columbia v. Hagner, 1 Peters, 465 ; Gardner v. King, 2 Iredell, 297; Stockton v. George, 7 H. 172. The second covenant, in the articles of agreement now under consideration, is of the kind to which the foregoing rule applies.
Judgment affirmed.
The foregoing opinion was delivered at the January term 1846. D. Mayes, Esq., for the plaintiff in error, filed a petition for rehearing; the application was held up until the present term, (January, 1848,) when it was refused.